UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRONSON VAUGHN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01094-TWP-DLP |
| | ) | |
| DUSHAN ZATECKY, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Bronson Vaughn, an Indiana inmate in the custody of the Indiana Department of Correction ("IDOC"), petitions for a writ of habeas corpus challenging prison disciplinary proceeding number ISR 16-09-0004. For the reasons explained in this Entry, Mr. Vaughn's habeas petition is **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied by the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

B.  **The Disciplinary Proceeding**

IDOC Officer B. Grant charged Mr. Vaughn with assault and battery, a violation of the IDOC's Disciplinary Code for Adult Offenders, Appendix I, Section A-102, on August 31, 2016. Officer Grant explained the basis for the charge in a conduct report:

> On the above date and approximate time, I, Ofc. B. Gant, was conducting my 11:00-11:30 security walk when Ofd. Pruitt, Dustin #132792 GH 2D-8 stated he had just had feces thrown on him. At that time I noticed what appeared to be fecal matter on the floor, wall, and the door to Ofd. Pruitt's cell. I removed Offender Pruitt from his cell and placed him in a shower. After returning to the area of the assault I was advised by another offender on the 2D Range that offender Vaughn, Bronson #197723 GH 2-D-9 was the one who assaulted Pruitt with bodily waste. It appears that offender Vaughn used a styrofoam cup to throw the fecal matter on Pruitt because after I removed Vaughn from his cell and placed him in a shakedown booth, I conducted a shakedown of Vaughn's cell and found four more styrofoam cups full of fecal matter. Pictures were taken of the cups and the scene.

Dkt. 9-1.

Mr. Vaughn was notified of the charge on September 7, 2016, when he received the screening report and a copy of the conduct report. Dkt. 9-4. The charge was amended to possession of a deadly or dangerous weapon, a violation of Section A-106. Mr. Vaughn pled not guilty and did not request evidence or witnesses.

A hearing was held on September 8, 2016. Mr. Vaughn told the hearing officer that the cups of fecal matter were "not a weapon. I had it in my cell. I told the officer I was going to gun [sic] down the range if I didn't get the phone." Dkt. 9-5. Based on that statement, staff reports, and an evidence card with a picture of the cups, the hearing officer found Mr. Vaughn guilty of the amended charge. *Id.* The sanctions imposed included ninety days' earned credit time deprivation.

Appeals to the Facility Head and the IDOC Final Reviewing Authority were unsuccessful. Dkts. 9-6 and 9-7. Mr. Vaughn then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

C. **Analysis**

Mr. Vaughn presents two grounds challenging his disciplinary conviction. Ground one, restated, asserts that the four cups of fecal matter were not dangerous or deadly weapons. Ground two generally asserts that there was insufficient evidence to support his conviction.

### 1. Procedural Default

As an initial matter, Respondent asserts that Mr. Vaughn has not exhausted his administrative appeals regarding either of these issues. Dkt. 9, pp. 2, 5. Respondent asserts that while Mr. Vaughn filed an appeal and wrote that he had been written up for having a dangerous or deadly weapon, simply doing so did not suffice to exhaust the issue. *Id.*, p. 5.

Mr. Vaughn's appeal to the Facility Head (the respondent Warden), contains the following statement as the sole reason and ground for the appeal:

> On 8-31-16, I was written up for a A-106, possession of a deadly weapon. The definition of a A-106 is possession or use of any explosive, ammunition hazardous chemical (e.g. acids or corrosive agents) or dangerous or deadly weapon.

Dkt. 9-6.

The Court finds that Mr. Vaughn's appeal language was sufficient to present his first ground for relief to the administrative appeal authorities for merits review. *See Ricardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004) (a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought). The appeal denial by the Facility Head did not reject the appeal for any perceived failure to present an argument or issue. Indeed, the last line of the appeal's decision reads, "[b]odily waste is considered a dangerous weapon." Dkt. 9-6. The appeal forms for taking the appeal to the Final Review Authority have not been supplied to the Court. However, the form letter rejecting the last appeal does not indicate any procedural irregularity. Dkt. 9-7. This letter indicates that the final appeal *considered all of the issues* brought to respondent's attention.

3

*Id.* Accordingly, respondent's contention that this ground for relief is procedurally defaulted is meritless.

Whether Mr. Vaughn presented his sufficiency of the evidence issue to the administrative appeal authorities is a closer question. Mr. Vaughn contests whether he possessed a dangerous weapon by challenging the definition of dangerous weapon. A challenge to the sufficiency of the evidence in general can be implied, and certainly was not rejected by the appellate officials. The Court will therefore address the sufficiency of the evidence on the merits.

### 2. Dangerous Weapon

Mr. Vaughn's first argument is that bodily waste, specifically his four cups of fecal matter, is not a dangerous weapon. The Court will consider this argument as a challenge to the sufficiency of the evidence and also as a challenge to the definition of dangerous weapon being too vague to give ordinary persons sufficient notice of what could constitute prohibited conduct. *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015).

The IDOC's policies define bodily fluids and bodily waste as weapons:

> Committing battery/assault upon another person with a weapon (including the throwing of body fluids or waste on another person) or inflicting serious bodily injury).

IDOC Adult Disciplinary Process, Appendix I: Offenses, at p. 1. The next question is whether four cups of fecal matter could be a *dangerous* weapon. This Court finds it most certainly could.

As a practical matter, it is sometimes difficult to say whether a particular object is a deadly and/or dangerous weapon. Almost any weapon, as used or attempted to be used, may endanger life or inflict great bodily harm; as such, in appropriate circumstances, it may be a dangerous and/or deadly weapon. *United States v. Davis*, 429 F.2d 552, 556 (8th Cir. 1970). Moreover, the object need not be inherently dangerous, or a "weapon" by definition, such as a gun or a knife, to be

found to be a dangerous and/or deadly weapon. Courts frequently have considered various kinds of objects to be deadly or dangerous weapons, including such normally innocuous objects as (1) a chair, *United States v. Johnson*, 324 F.2d 264, 266 (4th Cir. 1963); (2) a walking stick, *United States v. Loman*, 551 F.2d 164, 169 (7th Cir. 1977); (3) a broken beer bottle and pool cue, *United States v. Guilbert*, 692 F.2d 1340, 1343 (11th Cir. 1982); (4) an automobile, *United States v. Williamson*, 482 F.2d 508, 513 (5th Cir. 1973); and (5) mop handles, *United States v. Bey*, 667 F.2d 7, 11 (5th Cir. 1982). In short, "what constitutes a dangerous weapon depends not on the nature of the object itself but on its capacity, given the manner of its use, to '. . . endanger life or inflict great bodily harm.'" *Davis*, 429 F.2d at 556 (quoting *Johnson*, 324 F.2d at 266).

The dangers of exposure to human feces need not be explained in this disciplinary appeal. But respondent cites to an eminent domain case from the Fourth Circuit, where the appeals court noted that the district court commented on the risk of disease spread by contact with human fecal matter. *Quinn v. Bd. of Cty. Comm'rs*, 862 F.3d 433, 437 (4th Cir. 2017). That is all that needs to be said at this point.

Mr. Vaughn told prison officers that he intended to use the four cups of fecal matter to "gun down the range" if he did not get the phone. In that context, the definition of dangerous weapon as applied to Mr. Vaughn is not unconstitutionally vague, and he was not denied due process by the application of this code section to his possession of the waste. *See Isby-Israel v. Finnan*, 347 Fed. Appx. 253, 254-55 (7th Cir. 2009) (assessing whether a prison disciplinary rule was unconstitutionally vague).

Because the Court has rejected a facial challenge to the definition of dangerous weapon, the related sufficiency of the evidence argument (that because there was no dangerous weapon

there could not be sufficient evidence) is also rejected. Habeas corpus relief on Mr. Vaughn's first ground for relief is denied.

### 3. Sufficiency of the Evidence

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

There is some evidence in the record to support Mr. Vaughn's disciplinary conviction. The evidence was found in his cell, he admitted to having it, and he informed prison officials of the reason he had it. No relief is warranted on this ground.

### 4. Summary

The Court holds that Mr. Vaughn exhausted his administrative remedies and that two grounds for relief are before the Court. However, neither ground has merit and the habeas corpus petition is therefore **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Vaughn to the relief he seeks. Accordingly, Mr. Vaughn's petition for a writ of habeas corpus is **denied**. Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/26/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Bronson Vaughn
197723
Pendleton Correctional Facility
Electronic Service Participant – Court Only

Electronically Registered Counsel